## SECOND DEPARTMENT, NOVEMBER, 1969

### (November 3, 1969)

■ In the Matter of ROBERT W. JACKSON, Assistant Court Clerk in the Supreme Court, Suffolk County.— Pursuant to rule 32 of article VII of the Rules of the Administrative Board of the Judicial Conference of the State of New York (22 NYCRR 25.32), this proceeding was brought to discipline Robert W. Jackson, an Assistant Court Clerk in the Supreme Court, Suffolk County, upon five stated charges of alleged misconduct. Pursuant to an order of this court the Hon. David L. Glickman, a Justice of the Supreme Court and the Administrative Judge of Suffolk County, has held a hearing on the charges and has filed his report setting forth his findings and recommendation. The proceeding is now before us for review and decision. The charges herein stem from Mr. Jackson's conduct on three separate occasions; and Mr. Justice Glickman in his report has found that four of the charges have been sustained. They are as follows: Charge 1: On December 8, 1967 Jackson operated a motor vehicle on a public highway while his ability to operate the vehicle was impaired by the consumption of alcohol; and, in a prosecution for this infraction (see Vehicle and Traffic Law, § 1192, subd. 1) in the Justice Court of the Town of Southampton, he pleaded guilty and was fined $50. Charges 2 and 3: On August 19, 1969, in a public place, Jackson was in an intoxicated condition and conducted himself in a disorderly manner by using loud, boisterous, abusive and obscene language, causing a crowd to gather; and was arrested on both charges and arraigned thereon in the same Justice Court. Charge 5: In May of 1967 Jackson, while performing his duties as an assistant court clerk and talking on the telephone with a person who was making an inquiry, referred to the latter by a profane epithet, in the presence of the chief clerk of the court; and the remark was heard by the person making the inquiry. The learned Justice rejected Jackson's contention that Charges 1, 2 and 3 were unrelated to the performance of his duties and kindred contentions. In connection therewith the report states: "As a public employee in the court system, any act of misconduct or violation of the law on the part of respondent, whether during or outside of his working hours, necessarily reflects upon the integrity and dignity of the court which is symbolic of the law and order violated by respondent." The report concludes with the recommendation that Jackson be dismissed from the service and, in support thereof, states: "Standing alone, each charge would seem to leave not too serious an impact. Cumulatively, however, the gravity of respondent's misconduct is clearly discernible. The pattern of overindulgence in the consumption of alcoholic beverages becomes evident as the basic ingredient of the conviction for driving while ability was impaired, in the charge of public intoxication and in the use of obscene language resulting in the disorderly conduct charge." In our opinion, the reported findings are supported by both the proof and the admissions in Jackson's answer to the charges; and the recommendation of dismissal is not only justified, but compelled. Accordingly, the report is confirmed and Robert W. Jackson is dismissed from the service, effec-

tive upon the date of this decision, November 3, 1969. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.